1   **HART, KING & COLDREN**
    William R. Hart, Esq., Bar No. 71127
2   David Christopher Baker, Esq., Bar No. 134134
    Brian P. Kinder, Esq., Bar No. 21332
3   200 Sandpointe, Fourth Floor
    Santa Ana, California 92707
4   Telephone: 714.432.8700
    Facsimile: 714.546.7457
5

6   Attorneys For Respondents
    COMPOSITE TECHNOLOGY CORPORATION and
7   DEWIND, INC.

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SOUTHERN DIVISION**

11

12   In the Matter of the Application of      ) Case No.:  2:09-MC-00120-UA-DUTY
13   FKI PLC and FKI ENGINEERING LTD.,        )
14                                            )
            Petitioners,                      )
15                                            ) [~~PROPOSED~~] ORDER
        v.                                    )
16                                            )
17   COMPOSITE TECHNOLOGY                     )
     CORPORATION and DEWIND, INC.,            )
18                                            )
            Respondents.                      )
19                                            )
20                                            )
                                              )
21   _____      )

22          Petitioners FKI PLC and FKI Engineering Ltd. and Respondents Composite

23   Technology Corporation and DeWind, Inc., having entered into a stipulation and

24   protective order providing the terms and conditions for protective and the confidentiality

25   of evidence, both documentary and testimonial, produced in this matter, a copy of which

26   is attached hereto as Exhibit A, and

27   ///

28   ///

                            _____
                              *[PROPOSED] ORDER*

1 | FOR GOOD CAUSE SHOW

2 | IT IS SO ORDERED.

3

4 | Dated: September _/7_, 2009

5 | Hon. Charles F. Eick, Judge
United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

*[PROPOSED] ORDER*

# EXHIBIT A

1  **MAYER BROWN LLP**
   BRONWYN F. POLLOCK, Bar No. 210912
2  bpollock@mayerbrown.com
   MELISSA J. PASTRANA, Bar No. 254307
3  mpastrana@mayerbrown.com
   350 South Grand Avenue, 25th Floor
4  Los Angeles, CA 90071-1503
   Telephone:  (213) 229-9500
5  Facsimile:  (213) 625-0248

6  Attorneys for Petitioners
   FKI PLC and FKI ENGINEERING LTD.
7

8  **HART, KING & COLDREN**
   William R. Hart, Esq., Bar No. 71127
9  David Christopher Baker, Esq., Bar No. 134134
   Brian P. Kinder, Esq., Bar No. 21332
10 200 Sandpointe, Fourth Floor
   Santa Ana, California 92707
11 Telephone: 714.432.8700
   Facsimile: 714.546.7457
12
   Attorneys for Respondents
13 COMPOSITE TECHNOLOGY CORPORATION and
   DEWIND, INC.
14

15

16                **UNITED STATES DISTRICT COURT**

17              **CENTRAL DISTRICT OF CALIFORNIA**

                      **WESTERN DIVISION**
18

19 FKI PLC and FKI ENGINEERING LTD.,   ) Case No. 09-CV-5975-FMC (Ex)
                                       )
20         Petitioners,                )
                                       ) **[PROPOSED] PROTECTIVE ORDER**
21         v.                          ) **AND STIPULATION REGARDING**
                                       ) **CONFIDENTIAL AND PRIVILEGED**
22 COMPOSITE TECHNOLOGY               ) **INFORMATION**
   CORPORATION and DEWIND, INC.,       )
23                                     )
           Respondents.               )
24                                     )
                                       )
25

26              **STIPULATED PROTECTIVE ORDER**

27     WHEREAS, FKI PLC and FKI ENGINEERING, LTD. (jointly, "Petitioners") are

28 claimants in an insolvency proceeding for DeWind GmbH, which is now pending in the

---

1  local court (*Amtsgericht*) of Lübeck, Germany (the "German Proceeding"); and

2  WHEREAS, on April 30, 2009, Petitioners filed in this Court an *Ex Parte*

3  Application for an Order Under 28 U.S.C. § 1782(a), instituting this proceeding, and on

4  August 13, 2009, filed a Supplemental Petition (the "Action"); and

5  WHEREAS, in their *Ex Parte* Application and Supplemental Petition, Petitioners

6  sought Court orders allowing them to serve subpoenas for the production of documents

7  on Composite Technology Corporation and DeWind Inc. (jointly, "Respondents") as well

8  as depositions of Respondents pursuant to Fed. R. Civ. Proc. 30(b)(6); and

9  WHEREAS, as set forth more fully in Petitioners' *Ex Parte* Application and other

10  moving papers, Petitioners believe that the documents produced under the subpoena

11  and/or testimony provided under the deposition are relevant to their claim in the German

12  Proceeding, as well as any other pending or future foreign proceeding (collectively, the

13  "Foreign Proceedings") and therefore intend to use such documents in support of claims

14  in Foreign Proceedings, and to provide such documents to the Administrator in the

15  German Proceeding to determine whether the DeWind GmbH Estate may have claims

16  against Respondents; and

17  WHEREAS, on May 1, 2009, this Court entered Order granting Petitioners'

18  Application and allowing Petitioners to serve Respondents with subpoenas for the

19  production of documents to be used in furtherance of the Foreign Proceedings; and

20  WHEREAS, on August 28, 2009, this Court entered an Order granting Petitioners'

21  Supplemental Petition seeking to serve deposition subpoenas and supplemental document

22  requests on Respondents;

23  WHEREAS, in the August 28, 2009 Order, this Court ordered that "All discovery

24  in this action shall be subject to a protective order restricting use of the discovery to use

25  for purposes of pending foreign proceedings or future foreign proceedings." A copy of

26  the Court's August 28, 2009 Order is attached hereto as Exhibit C.

27

28

2

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1    WHEREAS, Respondents contend that they may have proprietary information and

2    documents that, while responsive to the subpoenas, are not in the public domain and are

3    confidential, the unrestricted disclosure of which may cause damage to Respondents; and

4    WHEREAS, protecting the confidentiality of such information, documents and

5    testimony will facilitate a timely and efficient exchange of information pursuant to the

6    Court's Order; and

7    WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of

8    protective orders requiring that certain information be revealed in specific ways;

9    NOW, THEREFORE, FOR GOOD CAUSE APPEARING, IT IS HEREBY

10   STIPULATED AND ORDERED AS FOLLOWS:

11   **A.**   **Designated Material.**

12   1.    Information, materials, testimony, and/or discovery responses may be designated

13   pursuant to this Protective Order by the person or entity producing or lodging them or by

14   any party to this Action (the "Designating Party" or the "Producing Party") if: (a)

15   produced or served, formally or informally, or pursuant to the Federal Rules of Civil

16   Procedure in response to any formal or informal discovery request, *i.e.*, a subpoena, in

17   this Action; (b) filed or lodged with the Court; and/or (c) filed or lodged with a magistrate

18   judge, special master and/or discovery master or referee, and/or mediator or other

19   alternative dispute resolution provider.  All such information and material and all

20   information or material derived therefrom constitutes "Designated Material" which

21   includes materials designated "CONFIDENTIAL" and/or "ATTORNEYS AND

22   CONSULTANTS ONLY" under this Protective Order.

23   2.    Unless and until otherwise ordered by the Court or agreed to in writing by the

24   parties, Designated Material shall not be used or disclosed by the party receiving the

25   Designated Material (the "Receiving Party") except as provided under the terms of this

26   Protective Order, and shall be used only for purposes of this Action and Foreign

27   Proceedings, including any and all appeals.  For purposes of this Protective Order,

28

3

1   "disclose" or "disclosed" means to show, furnish, discuss, or provide all or any portion of
2   the Designated Material or its contents, whether orally or in written communication,
3   including the original or a copy, summary or derivative of the Designated Material.
4   3.      Subject to the limitations set forth in this Protective Order, Designated Materials
5   may be marked "CONFIDENTIAL" for the purposes of avoiding disclosure of
6   information the Designating Party in good faith believes is confidential, significantly
7   sensitive, which the Designating Party would not normally reveal to third parties except
8   in confidence, or has undertaken with others to maintain in confidence, and/or which is
9   protected by the right to privacy guaranteed by the Federal Constitution, or any
10  applicable State law or Constitution.
11  4.      Subject to the limitations set forth in this Protective Order, a designation of
12  "ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not
13  embodied in any physical medium, which the Designating Party believes in good faith
14  has significant competitive value and which, if disclosed to the requesting party, would
15  cause competitive harm to the Designating Party.  Such information must not be
16  generally known to third parties or the public and is limited to information that the
17  Designating Party would not normally reveal to third parties except in confidence, or has
18  undertaken with others to maintain in confidence.  Information may also be designated
19  "ATTORNEYS AND CONSULTANTS ONLY" if the Designating Party believes in
20  good faith that the information is significantly sensitive and is protected by the right to
21  privacy guaranteed by the laws of the federal Constitution or any applicable State law or
22  Constitution.
23  5.      Blanket designation of documents or information as "CONFIDENTIAL" or
24  "ATTORNEYS AND CONSULTANTS ONLY," en masse and/or without regard to the
25  specific contents of each document or piece of information, is prohibited.  Rather, a party
26  shall only designate documents or information as "CONFIDENTIAL" or "ATTORNEYS
27  AND CONSULTANTS ONLY" if that party, in good faith, believes that the documents
28

4

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1  or information are properly subject to a protective order under Federal Rule of Civil

2  Procedure 26(c).

3  **B.**      **Access to Designated Materials.**

4  1.      Materials designated CONFIDENTIAL may be disclosed only to the following:

5          (a)      Persons who appear on the face of such Designated Materials as an author,

6  addressee, or recipient thereof, and any Outside Counsel (as that term is defined below in

7  Section B.1.(b)) that has become counsel of record in the Action or in a Foreign

8  Proceeding, or that has agreed to the terms of this Protective Order and to be subject to

9  the jurisdiction of the Court in the Action for the purposes of enforcing the rights and

10  obligations contained in, and remedies arising, from this Protective Order. Any such

11  review of materials designated CONFIDENTIAL pursuant to this Protective Order must

12  be in the presence of and under the supervision of Outside Counsel and all originals and

13  any copies shall remain exclusively in the possession of Outside Counsel. Further, any

14  written notes, compilations or reviews of materials designated CONFIDENTIAL made

15  by persons failing under this subsection shall remain in the possession of Outside

16  Counsel.

17          (b)      "Outside Counsel," which as used in this Protective Order means counsel of

18  record, including the partners, associates, agents (including stenographic, videographic

19  and support personnel) and employees of counsel of record in either this Action or

20  Foreign Proceeding, to the extent such disclosure of materials designated

21  CONFIDENTIAL is reasonably necessary to render professional services in this Action

22  or a Foreign Proceeding; *provided*, however, that "Outside Counsel" does not include

23  agents who have been retained or employed by Outside Counsel as Outside Consultants,

24  whose access is defined below, in Section B.1(c). Upon the filing of a document

25  associating or substituting counsel as counsel of record for a party in this Action or in a

26  Foreign Proceeding, such counsel shall also qualify as Outside Counsel under this

27  subsection, provided that any counsel that has withdrawn as counsel of record for any

28

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1   party confirms in writing to all other counsel of record that it is no longer in possession of
2   any Designated Material, and provided that the new counsel of record stipulates to be
3   bound by the terms and obligations of this Protective Order and prior counsel agrees to
4   remain bound by the terms and obligations of this Protective Order even after
5   substitution.

6     (c) "Outside Consultants" including non-party experts and consultants retained
7   or employed by Outside Counsel to assist in the preparation of, and/or to provide
8   testimony in the case, to the extent reasonably necessary to render professional services
9   in this Action or in Foreign Proceedings, subject to the disclosure requirements of Section
10  C below.

11    (d) The parties to this Action and to Foreign Proceedings, and their officers and
12  directors, employees and customers of the parties to this Protective Order, on a
13  reasonably necessary basis, provided that no person identified in this Section B.1(d) may
14  receive any Designated Material without having first executed a certification in the form
15  of Exhibit A hereto ("Party Designee").  In the event that any Party Designee ceases to be
16  an officer, director, and/or employee of that party, the party shall be responsible for
17  ensuring that the Party Designee does not retain any CONFIDENTIAL materials;

18    (e) Witnesses at deposition and/or at trial or other court proceeding in either the
19  Action or Foreign Proceedings, subject to Sections F and G below;

20    (f) Vendors with whom Outside Counsel has contracted for clerical functions,
21  such as copying of documents or preparation of exhibits;

22    (g) Mock jurors and jury consultants who have been engaged by the parties
23  and/or the consultants in preparation for trial or another court proceeding in either this
24  Action or Foreign Proceedings.  For any jury research, an appropriate screening process
25  must be used to assure that the jury consultant(s) and mock jurors to whom Designated
26  Material will be shown are not current or former officers, directors, employees or
27  consultants of any party or any direct competitors of any party.  Prior to being shown any
28

6

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

*[PROPOSED] PROTECTIVE ORDER*

1   Designated Material, each jury consultant and/or mock juror must agree in writing to be

2   bound by this Order by signing and undertaking the form of Exhibit A to this Order;

3   (h) Any special master and/or discovery master or referee, and/or mediator or other

4   alternative dispute resolution provider chosen by the parties or the Court in either this

5   Action or Foreign Proceedings, along with necessary legal, paralegal, and secretarial

6   personnel working under the direction of the special master and/or discovery master or

7   referee, and/or mediator or other alternative dispute resolution provider; and

8   (i) The Administrator of the Estate of DeWind GmbH in the German Proceeding.

9   For purposes of this Protective Order, the term "Administrator of the Estate of DeWind

10   GmbH in the German Proceeding" refers to the Administrator him or herself, along with

11   his or her employees, counsel, agents, secretaries, clerks, paralegals, or other staff or

12   colleagues to whom it is necessary that the Designated Material be shown in order to

13   allow the Administrator to fulfill his or her duties with respect to the German Proceeding.

14   2.   Except as set forth below, materials Designated "ATTORNEYS AND

15   CONSULTANTS ONLY" may not be disclosed to the parties to this Action or to a

16   Foreign Proceeding, to in-house counsel, if any, or to the officers, directors, or employees

17   of the parties hereto, but only be reviewed by or disclosed to:

18   (a)   Persons who appear on the face of such Designated Materials as an author,

19   addressee, or recipient thereof, and any Outside Counsel of such author, addressee or

20   recipient that has become counsel of record in the Action or in Foreign Proceedings, or

21   has agreed to the terms of this Protective Order and to be subject to the jurisdiction of the

22   Court in the Action for the purposes of enforcing the rights and obligations contained in,

23   and remedies arising, from this Protective Order.  Any such review of materials

24   designated ATTORNEYS AND CONSULTANTS ONLY pursuant to this Protective

25   Order must be in the presence of and under the supervision of Outside Counsel and all

26   originals and any copies shall remain exclusively in the possession of Outside Counsel.

27   Further, any written notes, compilations or reviews of materials designated

28

7

*[PROPOSED]* PROTECTIVE ORDER

1   ATTORNEYS AND CONSULTANTS ONLY made by persons failing under this
2   subsection shall remain in the possession of Outside Counsel;

3          (b)    Outside Counsel, as defined in Section B.1.(b) above;

4          (c)    Outside Consultants, as defined in Section B.1.(c) above, subject to the
5   disclosure requirements of Section C below;

6          (d)    Witnesses at deposition and/or at trial or other court proceeding in either the
7   Action or Foreign Proceedings, subject to Sections F and G below;

8          (e)    Vendors with whom Outside Counsel has contracted for clerical functions,
9   such as copying of documents or preparation of exhibits; and

10         (f)    Mock jurors and jury consultants who have been engaged by the parties
11  and/or the consultants in preparation for trial or another court proceeding in either this
12  Action or Foreign Proceedings.  For any jury research, an appropriate screening process
13  must be used to assure that the jury consultant(s) and mock jurors to whom Designated
14  Material will be shown are not current or former officers, directors, employees or
15  consultants of any party or any direct competitors of any party.  Prior to being shown any
16  Designated Material, each jury consultant and/or mock juror must agree in writing to be
17  bound by this Order by signing and undertaking the form of Exhibit A to this Order;

18         (h) Any special master and/or discovery master or referee, and/or mediator or other
19  alternative dispute resolution provider chosen by the parties or the Court in either this
20  Action or Foreign Proceedings, along with necessary legal, paralegal, and secretarial
21  personnel working under the direction of the special master and/or discovery master or
22  referee, and/or mediator or other alternative dispute resolution provider; and

23         (i) The Administrator of the Estate of DeWind GmbH in the German Proceeding.

24  **C.    Access By Outside Consultants.**

25  1.    If any party to this Protective Order wishes to disclose information or materials
26  designated under this Protective Order to any Outside Consultant, the party must first
27  identify the Outside Consultant to counsel for the Designating Party in this Action, who

28

8

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1   shall have thirty (30) calendar days from receipt of such notice to object in writing to
2   such disclosure to any Outside Consultant so identified. Such identification shall at least
3   include the full name and professional address and/or affiliation of the individual,
4   consultancies and testimony for the previous two (2) years, including, if known,
5   identification of the law firm, case number, venue and party on whose behalf the Outside
6   Consultant was retained, and a statement that said Outside Consultant is neither an
7   employee or consultant nor anticipated to become an employee or consultant (except that
8   such Outside Consultant may act in the capacity as Outside Consultant, as that defined
9   herein, in litigation) of the party on whose behalf he/she was retained in the future.
10   2.     The parties shall attempt to resolve any objection to a proposed disclosure to an
11   Outside Consultant informally, and the Designating Party shall not unreasonably
12   withhold its approval to such disclosure. If the objections cannot be resolved, the
13   objecting party may, within fourteen (14) calendar days following its objection, move for
14   a protective order preventing disclosure of Designated Materials to the Outside
15   Consultant. In the event that such a motion is made, the party seeking to prohibit
16   disclosure shall bear the burden of proving that the disclosure is inappropriate. Prior to
17   the resolution of any such objection, an opposing party's Designated Materials shall not
18   be disclosed.
19   3.     For the avoidance of doubt, the disclosure of the identity of an Outside Consultant
20   to whom a party proposes to disclose Designated Material shall not result in that Outside
21   Consultant being subject to deposition or other discovery procedure. Any depositions or
22   other discovery procedures involving any Outside Consultant shall not take place until
23   that Outside Consultant has been designated as an expert pursuant to the Federal Rules of
24   Evidence, Rule 26 (a) (2), applicable local rule, or otherwise pursuant to Court Order.
25   4.     For the avoidance of doubt, nothing in this Protective Order shall require an
26   Outside Consultant to disclose any attorney-client privileged and/or work product
27   doctrine information.
28

9

3.      Each Outside Consultant to whom any Designated Material may be disclosed pursuant to the provisions in this Protective Order shall, prior to the time such Designated Material is disclosed to him or her, be provided with a copy of this Protective Order and shall certify under penalty of perjury that he or she has carefully read the Protective Order and fully understands its terms and agrees to be bound thereby.  This certificate shall be in the form attached as Exhibit A hereto.  Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed certificate and, upon written request, shall circulate copies to all Outside Counsel.

4.      In addition to the foregoing, each Outside Consultant to whom any Designated Material will be disclosed shall, prior to disclosure of such material, execute the Certification of Consultant in the form attached as Exhibit B hereto.  Upon receipt of this Certification of Consultant by counsel for the party retaining the Consultant, disclosure of such Designated Material may be made to the Outside Consultant without notification to the Designating Party or any other party to this Action.  Outside Counsel who makes any disclosure of Designated Materials shall retain each original executed Certification of Consultant and, upon written request, shall circulate copies to all Outside Counsel at the termination of this Action or the termination of the applicable Foreign Proceeding, whichever occurs later.

**D.    Use Of Designated Materials By Designating Party.**

1.      Nothing in this Protective Order shall limit any Designating Party's use of its own documents and information in any manner it sees fit, without prior consent of any party or the Court.  Disclosure by a party of its Designated Information shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

2.      Nothing in this Protective Order shall be deemed to constitute a waiver of the right of a party to object to the production of documents or information based on grounds such

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1  as privilege, right of privacy and/or to production of the documentation or information on
2  grounds of relevance or otherwise.

3  3.      Designated Materials produced pursuant to this Protective Order shall be
4  maintained by the Receiving Party in a reasonably secure manner.  Additionally, the
5  Receiving Party shall use reasonable efforts to the number of copies of Designated
6  Materials to that which is reasonably necessary to render professional services in this
7  Action or in Foreign Proceedings.

8  **E.      Procedure For Designating Materials.**

9  1.      Documents, materials and discovery responses, in whole or in part, may be
10  designated as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY as
11  follows:

12        (a)      By placing the legend CONFIDENTIAL and/or ATTORNEYS AND
13  CONSULTANTS ONLY on each page of the documents and/or materials that are
14  produced to the Receiving Party.

15        (b)      For documents and/or materials that were produced without a legend
16  identifying them as Designated Material, by notifying all parties in writing via regular
17  mail and e-mail of the designation, including an identification of the documents and/or
18  materials to be so designated, and by reproducing to all parties copies of the Designated
19  Material which bear a legend identifying them as Designated Material.  The Designated
20  Materials or portions thereof shall be treated according to the appropriate level of
21  protection consistent with this Protective Order.

22        (c)      Until the expiration of the thirty (30) calendar day period identified below in
23  Section E.2.(a), the Receiving Party shall treat all documents and/or materials produced
24  by the Producing Party as ATTORNEYS AND CONSULTANTS ONLY.  After the
25  expiration of the period, all undesignated documents and/or materials and/or portion(s)
26  thereof may be disclosed without restriction.

27  2.      When the Designating Party is someone other than the person or entity that

28

11

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADBO1 28808022.1 03-Sep-09 16:08

produced or disclosed documents and/or other materials, the designation of documents and/or materials as CONFIDENTIAL and/or ATTORNEYS AND CONSULTANTS ONLY shall be made:

(a)     Within thirty (30) calendar days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

(b)     By written notice to all parties to this Action and to the producing or Designating Party, if such party is not a party to this Action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by e-mail and regular mail.

3.     Upon notice of designation pursuant to Sections E.2 and E.3, all persons receiving notice of the requested designation of materials shall:

(a)     Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

(b)     Take reasonable steps to notify any persons known to have possession of or access to such Designated Materials of the effect of such designation under this Protective Order;

(c)     Take reasonable steps to reclaim or prevent access to such Designated Material or information in the possession or control of any person not permitted to have access under the terms of this Protective Order;

4.     If Designated Material is disclosed to any person other than those entitled to disclosure in the manner authorized by this Protective Order, the party responsible for the disclosure shall, upon learning of such disclosure, immediately inform the Designating Party in writing of the pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person(s).  Notwithstanding the foregoing, Outside Counsel are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of

12

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1  Designated Material.

2  **F.    Copies.**

3  All complete or partial copies of Designated Materials shall also be deemed subject to the

4  terms of this Protective Order.

5  **G.    Court Procedures.**

6  1.    For purposes of this Section G, unless otherwise specified, the term "Court" is

7  defined to include the courts presiding over this Action and over Foreign Proceedings.

8  2.    Disclosure of Designated Material to Court Officials.  Subject to the provisions of

9  this section, Designated Material may be disclosed to the Court, Court officials or

10  employees (including court reporters, persons operating video recording equipment at

11  depositions, and any special master and/or discovery master or referee appointed by the

12  Court) and the jury in this Action and Foreign Proceedings, any interpreters interpreting

13  on behalf of any party or deponent in either this Action or Foreign Proceedings, and the

14  Administrator of the Estate of DeWind GmbH in the German Proceeding.

15  3.    Court submissions to the United States District Court for the Central District of

16  California containing Designated Material shall be governed as follows:

17      a.  If a Receiving Party intends to use Designated Material in a Court

18          submission in the United States Central District of California, then the

19          Receiving Party shall file such Designated Material under seal in accordance

20          with Local Civil Rule 79-5.1.

21      b.  If the Receiving Party objects to the designation of the papers filed under

22          seal as Designated Material, such party shall serve written objection on the

23          Producing Party within five (5) days after the filing under seal, and the

24          parties shall thereupon utilize the dispute resolution procedure set forth in

25          Section H below.  If the Receiving Party objects to the designation as

26          Designated Material of the papers filed under seal, then in the application

27          accompanying the filing under seal, the Receiving Party shall note such

28

13

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

objection and advise the Court that the parties are pursuing the dispute resolution procedure set forth in this Paragraph and in Section H of this Protective Order.

    d. If the Receiving Party does not object to the designation as Designated Material of the papers filed under seal, then the Producing Party may submit papers in support of such application within fourteen (14) days after such filing, and the Receiving Party shall advise the Court in the application accompanying the filing that such filing is subject to this Paragraph and that the Producing Party may submit papers in support of such application pursuant hereto.

3.    Retrieval of Designated Materials. The party lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of this Action (including after any appeals).

4.    Failure to File Under Seal. If any party fails to follow the procedures set forth above in Sections G.2 and G.3 with respect to a Court submission containing Designated Material, any party to this Protective Order, or to Action or Foreign Proceedings may promptly file a motion to be heard on an expedited basis to request that the Court place the Designated Materials under seal, or that the Court take such other appropriate measures as may be required to protect the confidentiality of the Designated Material.

5.    The parties shall not present or quote from any Designated Material in open court, unless the Court shall order otherwise. Except in accordance with documents filed under seal pursuant to the procedures specified above, the parties shall not present or quote from any Designated Material in any document filed with the Court. Presentation of, or quotations from, Designated Materials shall be heard by the Court under such conditions and safeguards as the Court may impose to prevent improper disclosure of Designated Materials. Not less than thirty (30) calendar days prior to the date set for trial in either this Action or Foreign Proceedings, the Designating Party and the Receiving Party shall

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1 meet and confer concerning appropriate methods for dealing with Designated Material, if
2 any, at trial.

**H.    Objections.**

1.     A Receiving Party may object to the designation of any Designated Material at any time. Any party (the "Objecting Party") may object in good faith to the designation of Designated Information by serving a written objection upon the Producing Party's counsel. In accordance with Local Civil Rule 37-1, the parties shall hold a conference of counsel within ten (10) calendar days after notice of such objection, or within such other time upon which the parties may mutually agree or which shall be ordered by the Court. If the parties are unable to resolve the dispute, they shall present it to the Court by way of joint stipulation, as provided for in Local Civil Rules 37-2 through 37-3, or as the parties may otherwise mutually agree or as may be ordered by the Court.

2.     If the designation of a Designated Material is challenged pursuant to the procedure set forth above in Section H.1, it shall be the burden of the Designating Party to establish that the information is properly designated within the meaning of this Protective Order. Prior to the resolution of any such objection, an opposing party's Designated Materials shall not be disclosed.

**I.    Client Communication.**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material. In rendering such advice and otherwise communicating with the client, counsel shall comply with the terms of this Protective Order.

**J.    No Prejudice.**

1.     This Protective Order shall not diminish any existing obligation or right with respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

15

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

2.      Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this Action.  Additionally, in the event that any Designated Material is used in any hearings, trial, appeal or other proceeding in this Action, it shall not lose its status of CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY material through such use.

3.      If any person required to produce documents inadvertently produces any Designated Material without marking it with the appropriate legend, the Producing Party may designated that material as Designated Material pursuant to the procedure set forth above in Section E above.

4.      If any party receives information, materials and/or discovery responses, which it reasonably believes was inadvertently produced without legend, it shall promptly advise the producing party by e-mail and regular mail.  The Producing Party shall have thirty (30) calendar days in which to legend said information, materials and/or discovery responses.  During this thirty (30) day period, counsel for the receiving party shall treat said information, materials and/or discovery responses as if designated ATTORNEYS AND CONSULTANTS ONLY.

5.      The restrictions as to use or dissemination of information or materials, set forth in this Protective Order, shall not apply as to:

        (a)      Any information which at the time of the designation under this Protective Order is available to the public;

        (b)      Any information which after designation under this Protective Order becomes available to the public through no act, or failure to act, attributable to the Receiving Party or its counsel;

        (c)      Any information which the Receiving Party, its counsel, or any recipient of designated material under this Protective Order can show as a matter of written record was already known to the Receiving Party through means other than any violation of law.

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

6.     Inadvertent production of materials without the appropriate designation shall not, by itself, be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality or secrecy, either to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  However, failure to take prompt or appropriate action to rectify any inadvertent production within a reasonable time after materials are produced without designation may, in appropriate circumstances, result in a loss of confidentiality or secrecy.

7.     Nothing in this Protective Order prevents a party from asserting that the inadvertent production of any document or thing shall be without prejudice to a claim that such material is protected by the attorney-client privilege and/or protected by the attorney work product doctrine or otherwise immune from discovery.  Nothing in this Protective Order shall preclude a party from challenging the propriety of the claim of privilege in accordance with applicable law.

**K.     Modification and Survival.**

1.     Modification; Addition of Parties to This Stipulation.

(a)     All parties reserve the right to seek modification of this Protective Order at any time for good cause.  The parties agree to meet and confer prior to seeking to modify this Protective Order for any reason.  The restrictions imposed by this Protective Order may only be modified or terminated by written stipulation of all parties or by Order of Court.

(b)     Parties to this Action who are not listed herein or who become parties to this Action after the latest date of execution may become parties to this Protective Order, and thereby be bound by all the terms and conditions stated herein, by executing a written agreement thereto, to be signed by all Outside Counsel for the parties, and which designates Outside Counsel for the additional party.

2.     Survival and Return of Designated Material.  This Protective Order shall survive termination of this Action.  Upon final termination of this Action, including appeals and

17

1  retrials, and of the Foreign Proceedings, whichever is later, and upon the written request
2  of the Designating Party, all Designated Material, including deposition testimony
3  regarding designated exhibits and all copies thereof, shall be returned to Outside Counsel
4  for the Designating Party or, if such party is not represented by counsel, directly to the
5  Designating Party.  Such Designated Materials shall either be returned at the expense of
6  the Designating Party or, at the option and expense of the requesting party, destroyed.
7  Upon request for the return or destruction of Designated Materials, Outside Counsel shall
8  certify their compliance with this provision and shall deliver such certification to Outside
9  Counsel for the Designating Party not more than thirty (30) calendar days after the
10  written request to return or destroy Designated Materials.  Notwithstanding the provisions
11  for return or destruction of Designated Material, Outside Counsel may retain pleadings,
12  attorney and consultant work product, deposition transcripts and exhibits containing
13  Designated Material, as well as one copy of each item of Designated Material for archival
14  purposes.

15  3.      Notwithstanding the provisions in this Section K regarding modification and
16  survival, nothing in this Protective Order shall be interpreted to prohibit Petitioners or
17  Respondents, or any other party to whom Designated Material is disclosed in accordance
18  with this Protective Order, from using the information contained in Designated Material
19  in support of any claim, cause of action, counterclaim, or defense they may subsequently
20  bring against one another in a Foreign Proceeding; *provided*, however, that Petitioners
21  and Respondents (as well as any other party that becomes a party to this Protective
22  Order) shall remain bound by the provisions contained herein.

23  **L.      Third Parties.**

24  1.      Where a discovery request or subpoena in this Action calls for otherwise
25  discoverable information that is subject to a written obligation of confidentiality owed to
26  another, it shall be the obligation of the party to whom the discovery request or
27  deposition question is directed to:

28

18

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1      (a)    identify to the party seeking the information the name and address of each
2  person whose confidentiality interests are implicated by the discovery request or, if the
3  identity of the third party itself is confidential, the existence of third party confidentiality
4  obligations, and

5      (b)    promptly provide notice to each third party whose confidentiality interests
6  are implicated:

7          (1)    notice of such discovery request seeking disclosure of materials or
8  information held under obligations of confidentiality; and

9          (2)    a copy of this Protective Order.

10  2.    The party to whom the discovery request has been directed shall be responsible for
11  determining whether the third party whose confidentiality interests are implicated objects
12  to the production of the otherwise discoverable information. If the third party whose
13  confidentiality interests are implicated does not object in writing to counsel for the
14  requesting party within thirty (30) calendar days after receiving notice of the discovery
15  request and a copy of this Protective Order, the party to whom the discovery request has
16  been directed shall not be permitted to withhold discovery on the ground of third party
17  confidentiality. If an objection is made by the third party, there shall he no disclosure of
18  the information to which the objection is made unless the objection is withdrawn, or by
19  order of the Court. The requesting party may move the Court for an order requiring
20  disclosure of the confidential information. The parties will meet and confer in good faith
21  to resolve any issues pertaining to deposition questions which call for otherwise
22  discoverable information that is subject to an obligation of confidentiality owed to
23  another.

24  2.    If a third party is required, by subpoena or court order, to provide documents or
25  information that it considers CONFIDENTIAL INFORMATION or ATTORNEYS AND
26  CONSULTANTS ONLY, the third party may request to receive the protections provided
27  by this Protective Order, by giving notice to all parties in writing of its intent to seek such
28

*[PROPOSED] PROTECTIVE ORDER*

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

1  protection and by designating and marking documents and information it produces in a
2  manner required by this Protective Order.  Designated third-party documents and
3  information shall be given the same protection under this Order as documents and
4  information produced by the parties.

5  **M.   Court's Retention of Jurisdiction.**

6  The Court retains jurisdiction to make such amendments, modifications, and additions to
7  this Protective Order as it may from time to time deem appropriate.

8  **N.   Authorization and Execution.**

9  This Protective Order is executed by the parties, and by their counsels of record, who also
10  sign on behalf of themselves and their respective law firms.  Each attorney executing this
11  Protective Order on behalf of any party represents that the attorney has fully disclosed to
12  the party the terms of this Protective Order and is duly authorized by that attorney's client
13  to execute this Protective Order.

14  DATED:  September 3, 2009

       HART, KING & COLDREN
       A PROFESSIONAL LAW
       CORPORATION


       By: _____
          HART, KING & COLDREN
          William R. Hart, Esq.
          David Christopher Baker, Esq.
          Brian P. Kinder, Esq.
          Attorneys for Respondents
          COMPOSITE TECHNOLOGY
          CORPORATION and DEWIND, INC.

[PROPOSED] PROTECTIVE ORDER

38198.002/4811-5081-8563v.1
LADB01 28808022.1 03-Sep-09 16:08

DATED:  September 3, 2009

MAYER BROWN LLP


By: _____

MAYER BROWN LLP
Bronwyn F. Pollock, Esq.
Melissa J. Pastrana, Esq.
Attorneys for Petitioners
FKI PLC and FKI ENGINEERING,
LTD.

21

*[PROPOSED] PROTECTIVE ORDER*

# EXHIBIT A

## CERTIFICATION RE: MATERIAL COVERED BY PROTECTIVE ORDER

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Central District of California in the case entitled FKI PLC and FKI ENGINEERING LTD., v. COMPOSITE TECHNOLOGY CORPORATION and DEWIND, INC., Case No. CV 09-5975-ABC (Ex).

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Central District of California with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose Designated Materials to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials that come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Company or Firm:

Address:

Telephone No.:

Relationship to this Action and parties:

Date:

Signature:

22

*[PROPOSED] PROTECTIVE ORDER*

# EXHIBIT B

CERTIFICATION OF CONSULTANT

     I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Central District of California, in the case entitled FKI PLC and FKI ENGINEERING LTD., v. COMPOSITE TECHNOLOGY CORPORATION and DEWIND, INC., Case No. CV 09-5975-ABC (Ex).

     I certify that I am not employed by or affiliated with a competitor of any person or entity currently a party (as of the time of the execution of this Certification) to this Action. If at any time after I execute this Consultant Certification and during the pendency of this Action I become engaged in business as a competitor of any person or entity currently a party to this Action, I will promptly inform the counsel for the party who retained me in this Action, and I will not thereafter review any Designated Materials unless and until the Court in this Action orders otherwise.

     I declare under penalty of perjury that the foregoing is true and correct.

Name of Individual:

Company or Firm:

Address:

Telephone No.:

Relationship to this Action and parties:

Date:

Signature:

23

*[PROPOSED] PROTECTIVE ORDER*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. <u>CV 09-5975-ABC (Ex)</u>                                      **Date:** <u>August 28, 2009</u>

Title: <u>FKI PLC, et al. v. COMPOSITE TECHNOLOGY CORPORATION, et al.</u>

---

**DOCKET ENTRY**

---

**PRESENT:**

### HON.  CHARLES F. EICK, JUDGE

<u>STACEY PIERSON</u>                                    <u>N/A</u>
**DEPUTY CLERK**                                      **COURT REPORTER**

**ATTORNEYS PRESENT FOR PLAINTIFFS:**        **ATTORNEYS PRESENT FOR DEFENDANTS:**

None                                                        None

**PROCEEDINGS:    (IN CHAMBERS)**                        (Page 1 of 2)

The Court has read and considered all papers filed in support of and in opposition to "Petitioners' Motion to Compel the Production of Documents" ("the motion"), filed August 6 and 14, 2009. The Court heard oral argument on August 28, 2009.

The motion is granted in part. With regard to discovery pursuant to the Petition, on or before September 4, 2009, Respondents shall produce to Petitioners all non-privileged documents responsive to the subject subpoenas/document requests, to the extent such documents are within Respondents' possession, custody or control. At the same time, Respondents shall serve a privilege log identifying with particularity all responsive documents withheld under claim of privilege.

With regard to discovery requested in the Supplemental Petition, filed August 13, 2009, Petitioners may serve notices of depositions in the form of Exhibits A and B to the Supplemental Petition, except that the notices shall provide at least ten (10) calendar days' notice. Petitioners may serve document requests in the form of Exhibits C and D to the Supplemental Petition, except that the requests shall not seek production any earlier than ten (10) calendar days after service. The parties shall meet and confer on an expedited basis regarding any disputes concerning the notices or the requests served in connection with the Supplemental Petition.

MINUTES FORM 11                                              Initials of Deputy Clerk ___SP___

CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES-GENERAL**

Case No. <u>CV 09-5975-ABC (Ex)</u>                  **Date:**  <u>August 28, 2009</u>

Title:  <u>FKI PLC, et al. v. COMPOSITE TECHNOLOGY CORPORATION, et al.</u>

**DOCKET ENTRY**

**PRESENT:**

       HON.  **CHARLES F. EICK**, JUDGE

| <u>STACEY PIERSON</u> | <u>    N/A    </u> |
|---|---|
| **DEPUTY CLERK** | **COURT REPORTER** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**

        None                             None

**PROCEEDINGS:**    **(IN CHAMBERS)**              (Page 2 of 2)

       All discovery in this action shall be subject to a protective order restricting use of the discovery to use for purposes of pending foreign proceedings or future foreign proceedings.

       Except as expressly stated herein, the motion is denied.

       Any person seeking review of this order shall cause the preparation and filing of a transcript of the August 28, 2009 hearing.

cc:    Judge Collins
        All Counsel of Record